**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:14-CV-00204-MSK-MJW

HARVEY BOULTER
(a Dubai, United Arab Emirates,
Resident),

        Plaintiff,

   vs.

GREENAUER DESIGN GROUP, INC.
(a Colorado Corporation),

        Defendants.

---

**STIPULATION AND PROTECTIVE ORDER** ( Docket No. 28-1 )

      Each Party and each Counsel of Record stipulate and move the Court for entry of

a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure

concerning the treatment of Confidential Information (as hereinafter defined), and as

grounds therefor, state as follows:

      1.    The parties anticipate disclosing pursuant to Fed. R. Civ. P. 26(a)(1) or

seeking in discovery Confidential Information as defined in paragraph 2.  The parties

believe the disclosure of such information could result in significant injury to one or more

of the parties' business or privacy interests.  The parties have entered into this

Stipulation and request that the Court enter the within Protective Order to prevent the

disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any material, document, transcribed testimony or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom, designated by one of the parties in the manner described in paragraph 3 as containing trade secrets, confidential financial or proprietary information, including customer, supplier, or any other information over which the courts recognize protection.

3.      A party may designate Confidential Information as such in the following manner:

(a)      In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page to which such designation is desired, either at the time the documents or other materials are produced for inspection or at the time, following inspection, that the documents or other materials are furnished to the party conducting such discovery;

(b)      In the case of answers to interrogatories or to requests for admissions, by marking each answer with the legend indicated above in subparagraph 3(a);

(c)      In the case of depositions or other pretrial testimony and all exhibits thereto, (i) by a statement on the record, by counsel, at the time of such disclosure, but such designation shall be reasonably limited to only that portion of the testimony that actually contains Confidential Information; or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof, during

which 30-day period all such deposition or other pretrial testimony shall be treated as Confidential Information; and

      (d)    In the case of material produced in a computer-stored or electronically stored format, by giving written notice to the requesting party that the contents are "Confidential."

    4.    Confidential Information shall be used solely for purposes of this litigation, which shall include any mediation or any appeal of this litigation, and shall not be used in any other case or matter or for any other purpose, including, without limitation, any business, competitive, commercial or other litigation purpose and shall not otherwise be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to anyone except those authorized in paragraphs 5 and 6.

    5.    Confidential Information may be disclosed only to:

      (a)    counsel who have appeared on behalf of the parties in this action, and regular employees of such counsel, assisting in the representation thereof;

      (b)    the named parties in this action, including officers and employees of an entity on a need to know basis;

      (c)    fact witnesses or deponents appearing for testimony, and their counsel, during the course of depositions or testimony in this action;

      (d)    any expert or consultant hired to assist counsel or to testify in this litigation;

      (e)    any person who was the author or recipient of such document;

      (f)    the Court and any of its staff or personnel;

(g)     court reporters, videographers, any special master appointed by the Court, and third parties retained to provide litigation related services such as graphic, trial exhibit, translating and photocopy services;

(h)     any other person upon order of the Court (upon notice to all parties) or upon written stipulation of all of the parties in this action; and

(i)     the jury.

6.     The terms of this Order shall not prohibit disclosure of any Confidential Information:

(a)     by the designating party to any employee of the designating party; or

(b)     by any party to any person who is an author or designated recipient of the document, including addressees and designated recipients of copies; or

(c)     by any party to any person or entity who received or had a copy of or had seen a copy of the Confidential Information prior to its production in this action.

7.     Each party's counsel shall advise every person to whom he or she gives access to Confidential Information that the material or information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof.  All persons listed in paragraph 5 (c), (d), (g), or (h) who are given access to Confidential Information shall confirm their understanding and agreement to abide by the terms of this Stipulation by signing Exhibit A annexed hereto (the "Signed Acknowledgements").  Each party's counsel shall retain a copy of the Signed Acknowledgments it obtains.

4

8.     The inadvertent or unintentional failure of a party producing Confidential

Information to designate specific documents, information or testimony as such shall not

be deemed a waiver of that party's claim of confidentiality or right to designate upon

discovery of the failure.  Upon notice of any such failure to designate, the party

receiving the Confidential Information shall cooperate to restore, to the extent

reasonably practicable, the confidentiality of any inadvertently disclosed documents,

information or testimony, including the return, redesignation and/or destruction of

documents or other information.

9.     In the event Confidential Information, including any documents, pleadings,

motions, transcripts or other filings that disclose the contents or substance of any

Confidential Information, is used in any court filing or proceeding in this action (including

but not limited to its use at trial), it shall not lose its confidential status as between the

parties through such use.  Confidential Information and pleadings or briefs quoting or

discussing Confidential Information will not be accepted for filing "under ~~seal~~" Restricted Access " or

otherwise be kept out of the public record in this action except by Court order issued

upon motion of the party seeking to file the documents under ~~seal~~ Restricted Access.  Any motion

requesting leave to file documents under ~~seal~~ Restricted Access shall comply with the requirements of

D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is

entitled to protection under applicable law.  Any party or member of the public may

challenge the filing of a document under ~~seal~~ Restricted Access pursuant to the steps set forth in

paragraph 10.

10.    The failure of a party receiving information designated as "Confidential" to object to such designation at the time the designation is made shall not be deemed a waiver of that party's right to later challenge the designation at any point in the litigation. This Stipulation shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court to modify, expand, and/or restrict use of Confidential Information. Nor shall this Stipulation affect the parties' ability to apply to the Court to challenge the propriety of the designation of certain information as "Confidential." However, any party objecting to the designation of materials as "Confidential" shall make a good-faith effort to resolve any such objection with the counsel for the party who designated the information. In any proceeding challenging the designation of information as "Confidential," the party designating the information shall have the burden of establishing the confidential nature of the information. However, the information shall continue to be treated as "Confidential" until such time as the Court has resolved the dispute described in this paragraph.

11.    Nothing contained herein, including entering into this Agreement or designating any material "Confidential Information" pursuant to this Stipulation, shall be deemed an admission or a waiver of any defense or claim raised in this action. In addition, the act of entering into, agreeing to and/or producing or receiving, or designating Confidential Information or otherwise complying with the terms of this Stipulation shall not:

(a)    operate as an admission by, or permit an inference against, any non-designating party that any particular Confidential Information contains or reflects

trade secrets or any other type of confidential information or that such information or category of information constitutes a "trade secret" as defined by law;

(b)   prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or the admissibility or relevance of any materials or information or to challenge any objection asserted by any other party; or

(c)   prevent the parties to this Stipulation from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery materials.

12.   This Stipulation shall not prevent any party's use of its own Confidential Information for any purpose nor shall such use have any effect on this Stipulation. Similarly, this Stipulation shall not prevent any party's use of information or documents obtained from a non-party or other source, other than by means of discovery in this action (e.g., information and documents that may have come into that party's possession in the regular course of business), for any purpose, nor shall such use or receipt have any effect on this Stipulation.

13.   In the event additional parties join or are joined in this action, they shall not have access to Confidential Information until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation.

14.   Within forty-five (45) days after receiving notice of the entry of an order, judgment, decree or stipulation finally disposing of this action and the lapse of any time

to appeal or disposition of any appeal taken, all persons having received Confidential

Information shall either (a) return such material and all copies thereof to the party that

produced it or its counsel; or (b) or destroy such materials and provide written

confirmation of destruction to counsel for the other parties, except that counsel for the

parties to this action may retain, subject to the obligations imposed by this Stipulation,

one electronic and one hard copy of Confidential Information for their file.

15.     All persons who receive Confidential Information shall, even after this

litigation, be under a continuing duty not to disclose Confidential Information for as long

as it is not available to the general public.  The parties and any other person subject to

the terms of this Stipulation agree that this Court shall have and retain jurisdiction over it

and them after this action is terminated for the purposes of enforcing this Order. Any

party to this Order may seek leave to reopen the case to enforce provisions of this

Order after the case is terminated upon final disposition of the case.

16.     The procedures established by this Stipulation and Protective Order are

intended to be cumulative and in addition to any party's right to seek further or different

protection from the Court regarding issues addressed herein.  This Order is without

prejudice to the right of any party to apply to the Court at any time for modification or

exception to this Order.

17.     If any party (the "Receiving Party") receives a subpoena from any non-

party (including any law enforcement agency, governmental prosecutor, or other bona

fide agency of government having such subpoena authority) seeking, or court order

requiring, the production or disclosure of any Confidential Information received from any

other person that designated the material "Confidential" (the "Producing Person"), the Receiving Party shall give notice to the Producing Person within three (3) business days of receipt of such subpoena or court order and, if possible, no less than five (5) business days prior to the time for production of such Confidential Information pursuant to the subpoena or court order. Written notice as used in this paragraph shall include notice delivered via overnight delivery, U.S. Mail, e-mail or facsimile. If written notice cannot be made, the Receiving Party must promptly give notice to counsel for the Producing Person by telephone. In no event shall production or disclosure be made before notice is given unless otherwise required by law. The purpose of this paragraph is to provide the Producing Person the opportunity to intervene at its own expense to object to the production of such Confidential Information.

18.     The parties agree to be bound by the terms of this Stipulation upon the signing hereof by all counsel of record set forth below.

DATED at Denver, Colorado, this 12th day of ___MAY___, 2014.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

9

APPROVED:

/s/ Robert R. Hopper
Robert R. Hopper
Elise Crow
Robert R. Hopper & Associates, L.L.C.
333 South 7th Street, Suite 2450
Minneapolis, MN 55402
(612) 455-2199
robert.hopper@robertrhopper.com
elise.crow@robertrhopper.com


/s/ Stephen C. Peters
Stephen C. Peters
Ronald L. Wilcox
Peters | Mair | Wilcox
1755 Blake Street, Suite 240
Denver, CO 80202
(303) 393-1704
speters@peterslaw.net
rwilcox@peterslaw.net


*Attorneys for Plaintiff*

/s/ Michael E. Lindsay
Michael E. Lindsay
Neal McConomy
Snell & Wilmer, L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202
(303) 634-2400
mlindsay@swlaw.com
nmcconomy@swlaw.com


*Attorneys for Defendant*

## EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

I, the undersigned, hereby acknowledge and I have read the Stipulation and Protective Order in *Boulter v. Greenauer Design Group, Inc.,* Civil Action No. 1:14-cv-00204 MSK-MJW (United States District Court for the District of Colorado), that I understand the terms thereof and agree to be bound by such terms.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

_____
[full name]

11