IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00204-MSK-MJW

HARVEY BOULTER
(a Dubai, United Arab Emirates, Resident),

    Plaintiff,

v.

GREENAUER DESIGN GROUP, INC., a Colorado corporation,

    Defendant.

_____

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCOVERY REQUESTS
(DOCKET NO. 37)**

**Entered by Magistrate Judge Michael J. Watanabe**

    This matter is before the court on Plaintiff's Motion to Compel Production of Discovery Requests (docket no. 37). The court has reviewed the subject motion (docket no. 37), the response (docket no. 43), and the reply (docket no. 50). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    The court finds:

        1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly

3

burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. Pursuant to Fed. R. Civ. P. 37(A)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . .";

6. That in the subject motion (docket no. 37), Plaintiff seeks an Order from this court directing Defendant to respond fully to Plaintiff's Request for Production of Documents ("RFP") numbered 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 relating to the production of GDG business records, and to compel answers to Interrogatories ("ROG") numbered 3, 4, 6, 9, and 10;

7. That Defendant objects to the above RFPs and ROGs on the grounds that: (1) the requests seek information that is irrelevant, unduly burdensome, and not calculated to lead to discovery of admissible evidence; (2) the information sought constitutes "trade secrets" and privileged documents that Defendant refuses to disclose, and (3) some of the information sought is equally

4

available to both parties;

8. That Defendant's specific objections to RFPs 1 and 3-24, inclusive, and interrogatories 3, 4, 9 and 10 on the grounds that such discovery requests are irrelevant and overly burdensome are overruled;

9. That Defendant's additional objection that RFPs 1, 5, 7, 8, 11,12,13, 21, and 24 and interrogatory 6 contain "proprietary and trade secret information" as defined in § 7-74-102, C.R.S., is overruled, noting that this court has previously entered a Protective Order (docket no. 31) which safeguards against any unwarranted disclosure of trade secrets in this court's discretion.  See Centurion Indus., Inc. v. Warren Steurer & Associates, 665 F.2d 323, 326 (10th Cir. 1981);

10. That Defendant's objection as to RFPs 3, 11, 12, 13, and 23 that such information is equally available to both parties is overruled. See Cook v. Rockwell International Corp., 161 F.R.D. 103 (D. Colo. 1995);

11. That Defendant has filed an Affidavit of Melissa Greenauer in Support of Greenauer Design Group, Inc.'s Response to Plaintiff's Motion to Compel Production of Discovery Requests (docket no. 43-1).  Paragraphs 15, 16, 17, 18 ,19, 20, 21, and 22 of Ms. Greenauer's Affidavit outlines why Defendant believes that it has fully responded to the disputed discovery requests listed above.

5

- 15. After Completion of the work at Plaintiff's residence and over the course of the past eighteen months, GDG experienced a server outage that caused the loss of nearly all electronically stored information related to GDG's work.  As a financial decision GDG chose to purchase a new server, rather than expend funds in an attempt to possibly recover old data from non-active projects;
- 16. Furthermore, all computers used during work at Plaintiff's residence have been replaced;
- 17. Per GDG's usual business practice, GDG discarded other Plaintiff-related materials because the project was considered successful, finalized, approved, and closed;
- 18. Due to the custom design work of GDG's design practice and the ever-changing nature of the companies who manufacture products for GDG, most fabric, title, and other material samples are discarded regularly after completing a project because recreating or reordering the material is not always possible from old paperwork.  GDG must request

6

current samples or matches because of new dye lots, title styles or similar changes in manufacturing. GDG executes this type of request, as new design project and billable work. As well, GDG does not reuse designs from one project to the next, as each design project is unique to the client and space. It is not possible to have a complete design library in GDG's offices for each project and the custom work, given certain space constraints and the massive area such storage would occupy.

- 19. GDG only retains documents for auditable tax years, and discards those documents once no longer necessary.
- 20. I am the only remaining GDG staff member that worked on Plaintiff's residence.
- 21. GDG is attempting to determine what, if any, banking or accounting documents may still exist that have not been produced. However, GDG's contract accountant was recently diagnosed with leukemia lymphoma cancer and has been undergoing treatment, leaving

7

    her unable to assist GDG in determining what documents exist with regard to this request.

- 22. GDG will provide any documents produced from this search as soon as it can reasonably be completed.

12. That Defendant's own negligence for not having their electronically stored information ["ESI"] on their computers and server backed up has created the current discovery dispute. Under these circumstances, the Defendant, and not the Plaintiff, should be the party to seek the documents from any of the non-party vendors that were involved in this case in order to respond fully to the disputed RFPs and ROGS listed above.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel Production of Discovery Requests (docket no. 37) is **GRANTED as follows**. Defendant shall immediately contact its private accountant and review the financial records and statements that are in the accountant's possession which relate to this case and answer fully Plaintiff's interrogatories 3, 4, 6, 9 and 10 on or before December 19, 2014. On or before December 19, 2014, Defendant shall also provide copies of such financial records and statements which it reviews and receives from

its private accountant to Plaintiff. On or before December 19, 2014, Defendant shall also provide documents responses to RFPs 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24. Defendant shall immediately contact all non-party vendors that were involved in this case and obtain documents responsive to the disputed RFPs and ROGS listed above. On or before November 26, 2014, Plaintiff shall provide Defendant with a list of non-party vendors that it is aware of which were involved in this case;

2. That all discovery exchanged during this case is subject to the Stipulated Protective Order (docket no. 31);

3. That each party shall pay their own attorney fees and costs for this motion;

4. That the discovery cut-off date remains set on February 27, 2015; and,

5. That the dispositive motion deadline remains set on March 2, 2015.

Done this 18th day of November 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE